# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| Stephen J.H. King (#15100-003), ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 20 C 50043 |
| v. ) | |
| ) | Honorable Philip G. Reinhard |
| ) | |
| Warden Christopher Rivers, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Federal prisoner Stephen King's amended pleading [10] clarifies that his current request for relief is under 28 U.S.C. § 2255, and not 28 U.S.C. § 2241. The Clerk of Court is directed to: (1) change the Nature of Suit for this case to a § 2255 motion (510); (2) transfer this case to the Southern District of Alabama, Mobile Division; and (3) return to King the $5.00 filing fee he paid in accordance with this court's prior directive.

## STATEMENT

Stephen J.H. King, a prisoner at the U.S. Penitentiary at Thomson, Illinois, initiated this case in this court as a 28 U.S.C. § 2241 petition. He asserts that his 18 U.S.C. § 922(g) conviction from the Southern District of Alabama is invalid under *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019). Because King's petition was not on this court's form and included no information about prior challenges to his conviction, the court's February 3, 2020, order dismissed the petition without prejudice to King submitting an amended § 2241 petition. *See* N.D. Ill. Local Rule 81.3. That order also directed King to satisfy the $5.00 filing fee requirement for a § 2241 case.

In response, King paid the $5.00 filing fee and submitted a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [10]. The motion states that King was convicted of a § 922(g) offense and sentenced on April 29, 2016 in the Southern District of Alabama, *see United States v. King*, No. 15-cr-0229-WS-N-1 (S.D. Ala.), and that he neither appealed, nor filed a collateral challenge to his conviction until now. ([10], pg. 1-2) (a search on the Public Access to Court Electronic Records (PACER) for Stephen J.H. King indicates he previously filed no collateral challenges to his conviction).

While this court would be the proper venue for King's § 2241 petition, which must be brought in the judicial district of his incarceration, it is not the proper venue for his § 2255 motion, which must be brought in "the court which imposed the sentence." § 2255(a). Had King previously filed a § 2255 motion, he may be able to bring a § 2241 petition since a *Rehaif* claim, which involves an issue of statutory construction, does not meet the requirements for a second or

successive § 2255 motion, which requires "a new rule of *constitutional* law." § 2255(h)(2) (emphasis added). But King has not filed a § 2255 motion before his current one, and his claim can be asserted in a initial § 2255 motion, which allows a claim that a defendant's "sentence was imposed in violation . . . laws of the United States." § 2255(a). The Southern District of Alabama, where King was sentenced, is thus the proper court for his § 2255 motion.

Accordingly, the Clerk of this Court is directed to: change the nature of this suit to a 28 U.S.C. § 2255 motion (510); transfer this case to the Southern District of Alabama; and return the $5.00 filing fee to King, as there is no filing fee for a § 2255 motion. *See* 28 U.S.C. § 1631 (a court that lacks jurisdiction to address a cause of action may transfer it to a court that has jurisdiction).

Date: 02/21/2020  ENTER:

*Philip G. Reinhard*
_____
United States District Court Judge